NO. 07-11-00445-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 5, 2011

IN RE GARY R. INCE, RELATOR

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Gary R. Ince, has filed a petition for writ of mandamus seeking issuance of a writ of mandamus to compel the "CLERK for the 47th District [Court], to present Relator's Motions to the Court, and also that the Honorable Judge Hal Miner will 'consider and rule' on said Motions . . . ."[1]  We deny the petition.

Texas Rule of Appellate Procedure 52.3[2] identifies the requirements of a petition for writ of mandamus filed in this Court.  Ince has failed to comply with these requirements.  Rule 52.3(a) requires that a petition must include a complete list of all parties and the names and addresses of all counsel.  Ince does not include any such

---

[1] We note that the Honorable Dan Schaap is the current judge of the 47th District Court of Potter County.

[2] Further citation of Texas Rules of Appellate Procedure will be by reference to "Rule __."

list.[3] Rule 52.3(b) requires that the petition include a table of contents with references to the pages of the petition and an indication of the subject matter of each issue or point raised in the petition. Ince's petition includes no table of contents. Rule 52.3(c) requires that a petition include an index of authorities in which all authorities cited in the petition are arranged alphabetically and the page(s) upon which the authorities are cited is indicated. Ince's petition includes no index of authorities. Rule 52.3(d) requires a statement of the case that includes a concise description of the nature of the underlying proceeding. Ince's petition does not contain a statement of the case, and does not include a concise description of the nature of the underlying proceeding. Rule 52.3(e) requires the petition include a statement regarding the basis of this Court's jurisdiction. Ince's petition does not include a jurisdictional statement. Rule 52.3(f) requires the petition include a concise statement of all issues or points presented for relief. Ince's petition includes no such statement. Rule 52.3(g) requires the petition include a statement of facts supported by citation to competent evidence included in the appendix or record. Ince's petition does not include a statement of facts. Rule 52.3(h) requires a clear and concise argument for the contentions made, with appropriate citations to authorities. Ince does cite to authority, however, his arguments are scattered to such an extent that they are unclear. Rule 52.3(i) requires the petition include a short conclusion that clearly states the nature of the relief sought. Ince's petition seems to

---

[3] Ince's petition reveals that he is requesting this Court issue a writ of mandamus against Cindy Spencer, whom he identifies as Clerk of the 47th District Court. A court of appeals has authority to issue writs of mandamus against district and county court judges within the court of appeals's district and all writs necessary to enforce its jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004). As such, there is no statutory authority authorizing this Court to issue a writ of mandamus against a court clerk, and Ince makes no effort to identify how the issuance of the writ would be necessary for this Court to enforce its jurisdiction.

request that the trial court consider and rule on certain motions that Ince claims are pending in the trial court. However, these motions are referenced only by title and are not included in a record or appendix for this Court to review. Rule 52.3(j) requires that Ince certify that he has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record. Ince does not so certify. Finally, Rule 52.3(k)(1)(A) requires that the appendix to the petition include a certified or sworn copy of any order complained of, or other document showing the matter complained of. Ince has not included an appendix to his petition. As each of these items is required in a petition for writ of mandamus and Ince has failed to comply with these requirements, we may not grant the relief that he requests.

Additionally, Texas Rule of Appellate Procedure 9.5 requires that, at or before the time that a document is filed with this Court, a copy of the document must be served on all parties to the proceeding. Ince's petition does not include a certificate of service or otherwise establish that any purported parties to this proceeding were served with Ince's petition.

For the foregoing reasons, we deny Ince's petition.

Mackey K. Hancock
Justice